# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| _____ )<br>Jairus Pegues, )<br> )<br>        Plaintiff, )<br> )<br>v. )<br> )<br>International Association of Machinists )<br>and Aerospace Workers, and Jerome )<br>Pelitera, as Union Steward and Individually )<br> )<br>       Defendants. )<br>_____) | Civil Action No. 19-cv-00705 (LY) |

## IAM AND JEROME PELITERA'S MOTION TO DISMISS
## AND SUPPORTING MEMORANDUM

Martha P. Owen
Texas Bar No. 15369800
Manuel Quinto-Pozos
Texas Bar No. 24070459
Deats, Durst & Owen, PLLC
707 W. 34th Street, Suite 3
Austin, TX 78705
(512) 474-6200
Fax: (512) 474-7896
mowen@ddollaw.com
mqp@ddollaw.com

Elizabeth A. Roma (admitted *Pro Hac Vice*)
District of Columbia Bar No. 494679
John J. Grunert (admitted *Pro Hac Vice*)
District of Columbia Bar No. 1019791
Guerrieri, Bartos & Roma, PC
1900 M Street, NW, Suite 700
Washington, D.C. 20036
(202) 624-7400
Fax: (202) 624-7420
eroma@geclaw.com
jgrunert@geclaw.com

Dated: July 22, 2019          *Counsel for IAM and Jerome Pelitera*

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

STATEMENT OF FACTS AS ALLEGED..............................................................................2

    I.     BACKGROUND FACTS.............................................................................2

    II.    NATURE OF MR. PEGUES' COMPLAINT...........................................5

LEGAL STANDARD...........................................................................................................5

LEGAL ARGUMENT..........................................................................................................6

    I.     PLAINTIFF'S CHALLENGE TO THE UNION SECURITY CLAUSE
        UNDER "FEDERAL AND STATE" LAW IS FORECLOSED BY THE
        RAILWAY LABOR ACT AND SUPREME COURT PRECEDENT…………….6

        A.     RLA, Section 2, Eleventh and *Railway Employes' Department v. Hanson*
               Permit the Contract's Union Security Clause……………………………..6

        B.     *Janus v. AFSCME* Involving Public Employees Is Inapplicable…………..9

    II.    PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY THE
        FEDERAL DUTY OF FAIR REPRESENTATION AND TIME-BARRED
        UNDER THE APPLICABLE STATUTE OF LIMITATIONS...........................10

        A.     Plaintiff's State Law Harassment and Hostile Work Environment Claims
               are Preempted by the Federal Duty of Fair Representation.......................10

        B.     Plaintiff's Complaint Was Filed Outside the Six-Month Limitations
               Period for Fair Representation Claims.......................................................12

        C.     Even if Timely, Plaintiff's Claims Fail Under the Duty of Fair
               Representation Standard...........................................................................14

    III.   MR. PELITERA AS AN INDIVIDUAL UNION REPRESENTATIVE
        IS AN IMPROPER PARTY TO THIS LITIGATION...........................................15

CONCLUSION....................................................................................................................16

# TABLE OF AUTHORITIES

Cases                                                                                                          Page

*Air Line Pilots Ass'n v. O'Neill*,
    499 U.S. 65 (1991)..................................................................................................11, 14

*Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am. v. Lockridge*,
    403 U.S. 274 (1971)......................................................................................................14

*Atkinson v. Sinclair Ref. Co.*,
    370 U.S. 238 (1962)......................................................................................................15

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................6

*Breininger v. Sheet Metal Workers Intern. Ass'n, Local No. 6*,
    493 U.S. 67 (1989)........................................................................................................11

*Brock v. Republic Airlines, Inc.*,
    776 F.2d 523 (5th Cir. 1985)........................................................................................12

*In re Carter*,
    618 F.2d 1093 (5th Cir. 1980)......................................................................................11

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000).......................................................................................3, 6

*DelCostello v. Int'l Bhd. of Teamsters*,
    462 U.S. 151 (1983)................................................................................................12, 13

*Detroit & Toledo Shore Line R.R. v. United Transp. Union*,
    396 U.S. 142 (1969)........................................................................................................7

*Does 1-7 v. Round Rock Indep. School Dist.*,
    540 F. Supp. 2d 735 (W.D. Tex. 2007)..........................................................................8

*Int'l Bhd. of Elec. Workers v. Faust*,
    442 U.S. 42 (1979)…....................................................................................................11

*Ellis v. Bhd. of Ry. Employes*,
    466 U.S. 435 (1984)........................................................................................................7

*Gines v. D.R. Horton, Inc.*,
    699 F.3d 812 (5th Cir. 2012)..........................................................................................6

*Humphrey v. Moore*,
    375 U.S. 335 (1964)..................................................................................11

*Int'l Assoc. of Machinists v. Street*,
    367 U.S. 740 (1961)....................................................................................7

*Janus v. AFSCME*,
    138 S. Ct. 2448 (2018)...................................................................1, *passim*

*Kan v. OneWest Bank, FSB*,
    823 F. Supp. 2d 464 (W.D. Tex. 2011).....................................................5-6

*Kansa Reinsurance Co., v. Cong. Mortgage Corp. of Texas*,
    20 F.3d 1362 (5th Cir. 1995)..................................................................6, 13

*Landry v. Air Line Pilots Ass'n*,
    901 F.2d 404 (5th Cir. 1990)...........................................................2, 10, 12

*Lewis v. Benedict Coal Corp.*,
    361 U.S. 459 (1960)..................................................................................15

*Local 514, Transp. Workers Union of Am. v. Keating*,
    212 F. Supp. 2d 1319 (E.D. Okla. 2002) *aff'd*, 358 F.3d 743 (10th Cir. 2004)…….............8

*Lovick v. Ritemoney Ltd.*,
    378 F.3d 433 (5th Cir. 2004)........................................................................6

*Morris v. Local 819, Int'l Bhd. Of Teamsters*,
    169 F.3d 782 (2d Cir. 1999)........................................................................15

*Pecha v. Padilla*,
    192 F.3d 126 (5th Cir. 1999)......................................................................13

*Railway Employes' Department v. Hanson*,
    351 U.S. 225 (1956)........................................................................1, *passim*

*Richardson v. United Steelworkers of America*,
    864 F.2d 1162 (5th Cir. 1989)........................................................11, 12, 13

*Ry. Clerks v. Allen*,
    373 U.S. 113 (1963)....................................................................................7

*Serna v. Transp. Workers Union of Am., AFL-CIO*,
    No. 3:13-CV-2469-N, 2015 WL 5239668 (N.D. Tex. Mar. 30, 2015) *aff'd sub nom*,
    654 F. App'x 665 (5th Cir. 2016)..................................................................8

*Simmons v. Local 565 Air Transport Div., Transp. Workers Union*,
　No. 3:09-cv-1181-B, 2010 WL 2473840 (N.D. Tex. June 16, 2010)......................7, 11, 13

*Simms v. Local 1752, Int'l Longshoreman Ass'n*,
　838 F.3d 613 (5th Cir. 2016)...........................................................................................11

*Matter of the Representation of United Air Lines/Continental Fleet Service Employees*,
　38 NMB 285, 2011 WL 3539643 (2011) ...........................................................................2

*Vaca v. Sipes*,
　386 U.S. 171 (1967)..........................................................................................................11

*Washington v. Nat'l Postal Mail Handlers Union Local 311*,
　No. 4:11-CV-098-A, 2012 WL 646354 (N.D. Tex., Feb. 28, 2012)...................................16

*Wells v. S. Airways, Inc.*,
　616 F.2d 107 (5th Cir. 1980)............................................................................................15

*Wood v. Houston Belt & Terminal Ry.*,
　958 F.2d 95 (5th Cir. 1992)..............................................................................................12

*Wood v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*,
　807 F.2d 493 (6th Cir. 1986)............................................................................................15

Statutes

45 U.S.C. § 151..........................................................................................................................7

45 U.S.C. § 152..............................................................................................................1, 7, 8

Texas Civil Practice and Remedies Code § 41.00(7)… ...........................................................11

Texas Labor Code § 101.052…..........................................................................................8, 10

Texas Labor Code § 101.153…...............................................................................................10

Texas Labor Code § 101.301….................................................................................................8

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and LCvR 7, Defendants International Association of Machinists and Aerospace Workers, AFL-CIO, and Jerome Pelitera (collectively "IAM" or "Union") hereby move to dismiss this matter for failure to state a claim upon which relief can be granted, and submit this memorandum in support.

## INTRODUCTION

In this action, Plaintiff disputes his termination pursuant to a union security clause contained in a collective bargaining agreement between the IAM and his former employer, United Airlines, under various state laws. Plaintiff's claims, however, are preempted by federal labor law, untimely under the applicable statute of limitations and, even if timely, are unmeritorious. Because Plaintiff fails to state a claim upon which relief can be granted, his Complaint should be dismissed.

Specifically, Plaintiff challenges the Union's enforcement and administration of the contract's union security clause, claiming that it violates "federal and state law" and is, therefore, unenforceable. Compl., ¶ 21. Plaintiff's claims, however, are foreclosed by the federal Railway Labor Act ("RLA") and binding Supreme Court precedent expressly permitting union security clauses under the RLA, including the one at issue here. 45 U.S.C. § 152, Eleventh ("Notwithstanding any … other statute or law of the United States, or…any State," carriers and unions may "make agreements, requiring, as a condition of continued employment, that … all employees shall become members of the labor organization representing their craft or class."); *see also Railway Employes' Department v. Hanson*, 351 U.S. 225 (1956) (upholding Section 2, Eleventh). While Plaintiff's Complaint references the Supreme Court's recent decision in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018) in support of his claim that "federal" law makes the union security provision of the contract unlawful, *Janus* addressed First Amendment issues applicable only to public sector employees, and is wholly inapplicable to the private sector employees here.

1

Based on the faulty premise that the union security clause of the collective bargaining agreement was "null and void," Plaintiff claims that the Union's enforcement of this provision, including its reminders that he could be terminated if he did not abide by its terms constituted harassment and a hostile work environment under state law. Because these claims wholly involve the performance of the Union's duties as the exclusive bargaining representative of Ramp Agents at United, including its enforcement and administration of the contract, they are entirely governed by the federal duty of fair representation and time-barred under the six-month statute of limitations applied to such claims. *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 411-12 (5th Cir. 1990). A duty of fair representation claim also fails on the merits in that the Union's enforcement of its contract was lawful and proper. Finally, Mr. Pelitera as a Union representative is an improper party to this litigation. Accordingly, this action should be dismissed.

## STATEMENT OF FACTS AS ALLEGED

### I. BACKGROUND FACTS.[1]

Plaintiff Jairus Pegues worked as a Ramp Agent for United Airlines ("United") at Austin-Bergstrom International Airport. Compl., ¶ 8. The IAM is the certified collective bargaining representative of United's Ramp Agents pursuant to majority vote of employees in an election conducted in accordance with the procedures outlined in the Railway Labor Act ("RLA"), 45 U.S.C. § 151, *et seq. Id.*; *Matter of the Representation of Employees of United Airlines/Continental Airline Fleet Service Employees*, 38 NMB 285, 2011 WL 3539643 (2011) (certifying IAM as the

---

[1]     For purposes of this motion to dismiss, the Union accepts as true the facts pled in Plaintiff's Complaint. Under Texas state court practice, the operative pleading is labelled the "Original Petition." We use the federal term "Complaint" herein to refer to this pleading.

exclusive bargaining representative of Ramp Agents at United under RLA). Defendant Jerome Pelitera is an IAM local lodge representative. Compl., ¶ 4.

United and the IAM have negotiated a collective bargaining agreement governing the terms and conditions of employment for United Ramp Agent employees. Compl., ¶ 16. Pursuant to Article 8.B of the agreement, employees are not required to become members of the Union, but they are required to pay "service fees," or "agency fees", to the Union equal to monthly membership dues. Compl., ¶ 16; *see also* Dkt. 1-1, Klemm Decl., ¶ 3 and Exh. A (union security provision from collective bargaining agreement).[2] The purpose of this provision is to defray the costs of representing nonmember employees at United. Additionally, nonmember agency fee payers may also become "dues objectors" and pay a reduced fee rate for expenses only directly related to collective bargaining matters. Compl., ¶ 9.

Specifically, the union security provision of the contract provides (Dkt. 1-1, pp. 17-21):

- As a condition of employment, all employees of the Company covered by this Agreement will, on the Effective Date of this Agreement, become and remain members in good standing of the Union or, in the alternative, render the Union a monthly sum equivalent to the standard monthly dues required of the Union members ("Service Fees."). (Art. 8.B.1).

- It will be the responsibility of any employee who is not on a dues deduction program to keep their membership current by direct payments of monthly dues or Service Fees to the Union. (Art. 8.B.3).

- If an employee covered by this Agreement becomes delinquent in the payment of monthly dues or Service Fees, the Union will take steps necessary in accordance with its established procedures to notify the employee in writing that he is delinquent in the payment of monthly membership dues or Service

---

[2]     *See also* Attachment A to the Declaration of Michael Klemm, attached to IAM's Appendix in Support of its Notice of Removal, Dkt. 1-1, pp. 14-21. Plaintiff's Complaint directly references and relies upon the union security clause contained in the collective bargaining agreement between United and the IAM. Because this provision forms the basis of Plaintiff's Complaint, this provision is appropriate to consider as part of a motion to dismiss. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

Fees as specified herein and accordingly will be subject to discharge as an employee of the Company. (Art.8.B.8).

- If such employee still remains delinquent in the payment of dues or service fees after the Union has completed all steps in its established procedure, the Union will certify in writing to the Company that the employee has failed to remit payment of dues or Service Fees within the grace period allowed under the Union's procedure and is, therefore, to be discharged. The Company will then promptly notify the employee involved that he is to be discharged from the services of the Company and will promptly take proper steps to so discharge the employee. (Art. 8.B.8).

- When a member of the Union properly executes a dues or fees authorization form the President and Directing General Chairman of the Union will forward the necessary information to a Payroll Representative designated by the Company. (Art. 8.B.9).

- The Union will be responsible to collect … back dues or Service Fees owed at the time of starting deductions for any employee … (Art.8.B.12).

The contract also outlines procedures for challenging a termination pursuant to this provision, up to and including an appeal to binding arbitration. *See* Dkt. 1-1, pp. 17-21, Klemm Decl., Exh. A (Art. 8.B.17). Specifically, Article 8.B.17 provides for procedures for grieving a discharge "as the result of an interpretation or application of the provisions of" the union security provision. Employees have five days to appeal a discharge to the Vice President of Labor Relations, with a copy to the Union, and the Company has 10 days to issue a decision on that appeal. The agreement also provides that "[i]f the decision is not satisfactory to either the employee or the Union, then either may appeal the grievance directly to the System Board of Adjustment within 15 days from the date of the decision." *Id.*

On September 9, 2018, United terminated Plaintiff for failing to "pay service fees to the IAMAW," Compl., ¶ 18, as required by the union security provision of the contract. It is undisputed that Plaintiff did not pay these fees. *Id.* In the year preceding his termination, the Union

reminded Plaintiff numerous times of his obligations to pay his agency fees, as it was required to under the contract. Compl., ¶¶ 10-15.

Plaintiff filed suit in Travis County, Texas District Court on June 10, 2019, nine months after his termination. Compl. at 1. On July 15, 2019, IAM removed his claim to this Court.

## II.     NATURE OF MR. PEGUES' COMPLAINT.

In this action, Plaintiff challenges his termination for failing to pay any agency fees to the Union, claiming that the union security provision contained in the collective bargaining agreement is unenforceable because of "federal and state" law, citing to Texas "Right To Work" laws and the Supreme Court's decision in *Janus v. AFSCME,* which he states ruled "that all contracts, rules and procedures that previously allowed unions to extort dues or fees from non-union employees are illegal, null and void, and unenforceable." Compl., ¶¶ 19-21. Because he believes union shop agreements are illegal, he contends that the Union's conduct in reminding him of his obligations under the contract to pay these fees, and in enforcing the same, constituted harassment and a hostile work environment in violation of the Texas Labor Code. As relief, he asks for damages for pain and suffering, mental anguish, loss of earnings, compensatory damages, punitive damages, interest, court costs, case expenses, and attorney's fees. Compl., ¶ 29. He names as Defendants in this action both the IAM and the Local IAM representative, Jerome Pelitera, in his official and individual capacity.

For the reasons below, IAM hereby moves to dismiss this action for failure to state a claim.

## LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should "accept as true all factual allegations contained within the complaint" and draw all inferences in the facts alleged in the light most favorable to the plaintiff. *Kan v. OneWest Bank,*

*FSB*, 823 F. Supp. 2d 464, 468 (W.D. Tex. 2011).  For purposes of a motion to dismiss, a court "may not rely on conclusional allegations or legal conclusions disguised as factual allegations." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  Assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2008).  In evaluating a motion to dismiss for failure to state a claim, a court may consider the complaint, exhibits attached thereto, matters of public record, and undisputedly authentic documents if the claims are based upon those documents.  *See Gines v. D.R. Horton, Inc*., 699 F.3d 812, 820 (5th Cir. 2012); *Collins*, 224 F.3d at 498-99 (("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central" to the claim).  A time-barred claim is properly dismissed under Rule 12(b)(6) if this affirmative defense "appears on the face of the pleadings."  *Kansa Reinsurance Co., v. Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1995).

## LEGAL ARGUMENT

I.     **PLAINTIFF'S CHALLENGE TO THE UNION SECURITY CLAUSE UNDER "FEDERAL AND STATE" LAW IS FORECLOSED BY THE RAILWAY LABOR ACT AND SUPREME COURT PRECEDENT.**

      A.     **RLA, Section 2, Eleventh and *Railway Employes' Department v. Hanson* Permit the Contract's Union Security Clause.**

Plaintiff's attempt to challenge his termination for refusing to abide by a lawful provision of the contract must fail. Contrary to Plaintiff's assertions "federal and state law" does not make the union security provision of the collective bargaining agreement "null and void."  Compl., ¶¶ 19-21.  Indeed, this provision is expressly permitted by Section 2, Eleventh of the RLA and binding Supreme Court precedent.

By way of background, after years of labor unrest in the railroad industry and many unsuccessful attempts at regulation, the RLA "was passed in 1926 to encourage collective bargaining by railroads and their employees in order to prevent, if possible, wasteful strikes and interruptions of interstate commerce." *Detroit & Toledo Shore Line R.R. v. United Transp. Union*, 396 U.S. 142, 148 (1969) (internal citations omitted). The RLA "governs employment relations in the airline industry, including those between employees and employee unions." *Simmons v. Local 565 Air Transport Div., Transp. Workers Union*, No. 3:09-cv-1181-B, 2010 WL 2473840, *2 (N.D. Tex. June 16, 2010).

In 1951 Congress amended the RLA by adding Section 2, Eleventh of the Act, which allows for the parties to negotiate a union shop provision. *Id.* at 755-60. Section 2, Eleventh does not compel unions or employers to enter into such agreements; rather it simply permits them to do so as part of the bargaining process. Section 2, Eleventh provides that:

> Notwithstanding any other provisions of this chapter, or of any other statute or law of the United States, or Territory thereof, or of any State," carriers and unions may "make agreements, requiring, as a condition of continued employment, that … all employees shall become members of the labor organization representing their craft or class.

45 U.S.C. § 152, Eleventh.

In 1956, the Supreme Court upheld the constitutionality of Section 2, Eleventh in *Hanson*, 351 U.S. at 233 ("[I]ndustrial peace along the arteries of commerce is a legitimate objective …. The choice by the Congress of the union shop as a stabilizing force seems to us to be an allowable one"). *Hanson* has been the law now for over 60 years. *See Int'l Assoc. of Machinists v. Street*, 367 U.S. 740 (1961); *Ry. Clerks v. Allen*, 373 U.S. 113 (1963); *Ellis v. Bhd. of Ry. Employes*, 466 U.S. 435 (1984).

In this action, Plaintiff does not dispute that he failed to pay agency fees to the Union as required by the contract's union security clause. Instead, Plaintiff challenges the legality of the clause itself under "federal law" and Texas "Right to Work" laws, Texas Labor Code, Sections 101.301(a)(b) and 101.052. Compl., ¶¶ 19-21, 23-24.[3] However, the collective bargaining relationship between United and the IAM is governed by the RLA, not Texas labor law. Union security provisions are permitted under Section 2, Eleventh and any state laws to the contrary are expressly preempted by the Act, as upheld by the Court in *Hanson*, this assertion has no basis in law. *See* 45 U.S.C. § 152, Eleventh; *see Hanson*, 351 U.S. at 232-33 (discussing RLA's preemption of state "Right To Work" laws); *Serna v. Transp. Workers Union of Am., AFL-CIO*, No. 3:13-CV-2469-N, 2015 WL 5239668, at *2 (N.D. Tex. Mar. 30, 2015), *aff'd sub nom*, 654 F. App'x 665 (5th Cir. 2016) (RLA foreclosed plaintiffs challenge to union shop provision of a collective bargaining agreement); *see also Local 514, Transp. Workers Union of Am. v. Keating*, 212 F. Supp. 2d 1319, 1325 (E.D. Okla. 2002), *aff'd,* 358 F.3d 743 (10th Cir. 2004) (holding that state "Right To Work" law must yield to Section 2, Eleventh of the RLA); *Does 1-7 v. Round Rock Indep. School Dist.,* 540 F. Supp. 2d 735, 749 (W.D. Tex. 2007) (district court required to follow binding precedent). Plaintiff's challenge to the union security clause at issue here must fail.

---

[3]     Texas Labor Code Sec. 101.301 (Interference With Right to Work; Liability) provides:

(a) The right of a person to work may not be denied or abridged because of membership or nonmembership in a labor union or other labor organization.
(b) In the exercise of the right to work, each person shall be free from threats, force, intimidation, or coercion.

Texas Labor Code Sec. 101.052 (Denial of Employment Based on Labor Union Membership Prohibited) provides:

A person may not be denied employment based on membership or nonmembership in a labor union.

## B. *Janus v. AFSCME* Involving Public Employees Is Inapplicable.

Plaintiff mistakenly claims that the Supreme Court's recent decision in *Janus v. AFSCME*, 138 S. Ct. 2448, nullifies the union security clause at issue here, and by implication Section 2, Eleventh of the RLA and *Hanson*. *Janus* did not so hold, and nothing in that decision could be reasonably construed to support such a determination.

The issue in *Janus* was whether "public-sector agency-shop arrangements violate the First Amendment." *Id.* at 2478. The Court held that such arrangements -- in which a governmental entity and a labor organization agree to require government employees to pay fees, which are used by the union to negotiate how government funds are spent and in what amounts -- implicate the First Amendment in ways dramatically distinct from agency fees in the private sector. Public sector fees involve "the government … compel[ling] a person to pay for another party's speech," on matters involving "the budget of the government" and "the performance of government services." *Id.* at 2467, 2473.

Private sector agency fees raise no such issue. Plaintiff worked for a private company -- United Airlines. Pursuant to the contract negotiated between IAM and United, Plaintiff was required to pay agency fees to the IAM as the certified collective bargaining representative. As the *Janus* Court took pains to note, "Congress' *bare authorization* of *private-sector* union shops under the Railway Labor Act … [raises] a very different … question … [than] when a State *requires* its employees to pay agency fees." *Id.* at 2479 (internal citations and quotations omitted). In sum, the *Janus* Court did not overturn Section 2, Eleventh or *Hanson*, which control here. Plaintiff's attempt to rely on *Janus* in this case must fail.

## II. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY THE FEDERAL DUTY OF FAIR REPRESENTATION AND TIME-BARRED UNDER THE APPLICABLE STATUTE OF LIMITATIONS.

Although couched as state law violations, Plaintiff's claims challenging the Union's conduct as the exclusive bargaining representative of United Ramp employees are completely preempted by the federal duty of fair representation and untimely under the six-month statute of limitations applied to such claims. *Landry*, 901 F.2d at 411-12. Even if timely, Plaintiff's claims are entirely lacking in merit.

### A. Plaintiff's State Law Harassment and Hostile Work Environment Claims Are Preempted by the Federal Duty of Fair Representation.

Based entirely on the faulty premise that the union security clause of the IAM and United's collective bargaining agreement is unlawful (Compl., ¶¶ 19-21), Plaintiff alleges that the IAM's conduct in enforcing and administering this provision of the contract constituted "harassment" and "interference" in violation of Texas "Right to Work" laws discussed above and a "hostile work environment" in violation of the Texas Labor Code.[4] *See, e.g.,* Compl., ¶ 18 (Plaintiff was terminated for "refusal to succumb to … harassment and join IAMAW or pay service fees to the IAMAW."); Compl., ¶ 23 ("labor union[s] are in violation of the law if they threaten a non-union employee with the loss of his job unless the non-union employee supports the union"); Compl., ¶ 26 ("hostile work environment" claim based on requirement that he "join IAMAW or pay service fees to the union" and through the Union's reminders to him of same). Because these state law

---

[4] Section 101.153 of the Texas Labor Code (which actually governs picketing) prohibits the "use of insulting, threatening, or obscene language [to] interfere with or intimidate or seek to interfere with or intimidate another (1) in the exercise of the other person's lawful right to work … or (2) from freely entering or leaving any premises." Section 101.052 of the Texas Labor Code, which is also discussed above, generally prohibits the denial of employment based on membership or non-membership in a Union.

claims challenging the Union's activities as the exclusive bargaining agent are mere refinements of the IAM's duty of fair representation, they are preempted by the RLA.

Unions are afforded wide discretion in carrying out their representation functions, which often involve reconciling the divergent interests of "individual employees and classes of employees." *Humphrey v. Moore*, 375 U.S. 335, 349 (1964). Accordingly, a deferential standard of review is applied in reviewing a union's representational activities. *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 78 (1991). This standard requires a union to avoid conduct toward the employees it represents that is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *Simms v. Local 1752, Int'l Longshoreman Ass'n*, 838 F.3d 613, 621 (5th Cir. 2016) (union did not violate its duty by charging a hiring hall fee permitted by law).

Crucially, "the duty of fair representation, unlike state tort and contract law, is part of federal labor policy." *Breininger v. Sheet Metal Workers Intern. Ass'n, Local No. 6*, 493 U.S. 67, 79 (1989) (duty of fair representation has "judicially evolved" as part of federal labor law). Accordingly, state law claims are preempted whenever a plaintiff asserts a claim arising out of the union's representational duties, including enforcement and administration of the contract, as is the case here.[5] *Id.*; *see also Richardson v. United Steelworkers of America,* 864 F.2d 1162, 1167 (5th Cir. 1989); *In re Carter,* 618 F.2d 1093, 1104 (5th Cir. 1980); *Simmons*, No. 3:09-cv-1181-B, 2010 WL 2473840 at *4 (state law claims involving union's "duties arising as exclusive collective bargaining agent" properly removed; "state law claims are preempted by the RLA and the Court

---

[5]     In Section 8 of his Complaint, Plaintiff alleges that Defendants' conduct constitutes "malice" under Texas Civil Practice and Remedies Code § 41.00(7). This provision only addresses the requirements for awarding punitive damages and is not an independent cause of action. Notably, punitive damages are not available under federal labor policy. *See, e.g., Int'l Bhd. of Elec. Workers v. Faust*, 442 U.S. 42, 48 (1979) ("punitive awards could impair the financial stability of unions and unsettle the careful balance of individual and collective interests which this Court has previously articulated in the unfair representation area.").

will construe them as duty of fair representation claims in analyzing Defendant's motion to dismiss").

An examination of the Union's conduct challenged here requires an interpretation and application of the collective bargaining agreement. Not only does the union security clause require agency fees, but it also requires that the IAM take the very action Plaintiff complains of here (which Plaintiff labels "harassment") to ensure that employees are aware of their obligations under the contract and have adequate opportunity to remedy any violations of same. In addition to placing the responsibility of collecting dues authorization forms and service fees from employees on the Union, (Art. 8.B.9 & Art. 8.B.12), the contract specifically requires that the Union "take steps necessary in accordance with its established procedures to notify the employee in writing that he is delinquent in the payment of monthly membership dues or Service Fees as specified herein and accordingly will be subject to discharge as an employee of the Company." Dkt. 1-1, p. 19 (Art. 8.B.8).

Accordingly, Plaintiff's state law claims challenging the Union's enforcement of the contract and administration of its obligations under the same are preempted by the federal duty of fair representation.

### B.    Plaintiff's Complaint Was Filed Outside the Six-Month Limitations Period for Fair Representation Claims.

Considered under the federal standard, Plaintiff's Complaint is untimely. Claims for breach of the duty of fair representation are subject to a six-month statute of limitations, and at the absolute latest, would have had to have been filed by March 2019. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983); *Landry*, 901 F.2d at 411-12; *Brock v. Republic Airlines, Inc.*, 776 F.2d 523, 525 (5th Cir. 1985). This rule applies equally to cases in which state law claims, like Plaintiff's claims here, are removed to federal court as preempted by the federal labor laws.

*See, e.g., Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95 (5th Cir. 1992); *Richardson,* 864 F.2d at 1170; *Simmons,* No. 3:09-cv-1181-B, 2010 WL 2473840 at *4 (finding plaintiff's state law claims challenging union's representational conduct preempted by federal duty of fair representation under the RLA and that six-month statute of limitations applied).

The six-month statute of limitations applicable to duty of fair representation claims is based on the recognized federal interest in both national uniformity of the treatment of such claims and in the "relatively rapid final resolution of labor disputes." *DelCostello*, 462 U.S. at 166 n. 16, 168. Courts have rejected attempts to circumvent this six-month statute of limitations by pleading such claims as state law causes of action. *See Pecha v. Padilla*, 192 F.3d 126 (5th Cir. 1999) (employee's state law claims against her union for "breach of contract, tortious interference, fraud, libel, and slander" preempted by the duty of fair representation and subject to six-month statute of limitations).

Plaintiff's claim is untimely. The Complaint makes clear that Plaintiff knew of all the facts giving rise to his claim by September 2018, at the latest, when United terminated him. Compl., ¶ 18 ("On September 9, 2018, United Airlines, Inc. terminated Plaintiff's employment in retaliation for Plaintiff's refusal to succumb to Pelitera's and IAMAW's harassment and join IAMAW or pay service fees to IAMAW"). Under settled law, Plaintiff had six months -- until March 2019 -- to file suit. This action was filed on June 10, 2019, three months too late. *Simmons*, No. 3:09-cv-1181-B, 2010 WL 2473840, *4 ("Court may dismiss a claim under Rule 12(b)(6) if [statute of limitations] affirmative defense 'appears on the face of the complaint.' (*citing to Kansa Reinsurance Co.,* 20 F.3d at 1366)). Accordingly, this action should be dismissed as time-barred.

**C. Even if Timely, Plaintiff's Claims Fail Under the Duty of Fair Representation Standard.**

Even if timely, the facts as alleged in Plaintiff's Complaint demonstrate that the IAM did not violate its duty of fair representation. Because the union security clause of the collective bargaining agreement is lawful, the IAM's enforcement of this provision, including its notifications to Plaintiff of his obligations under same (as required by the contract), was not arbitrary, discriminatory, or in bad faith, as required for a viable fair representation claim. *O'Neill*, 499 U.S. at 78 ("[a]ny substantive examination of a union's performance … must be highly deferential").

A "union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' … as to be irrational." *O'Neill*, 499 U.S. at 67. "Discrimination" under this doctrine means "substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives." *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am. v. Lockridge,* 403 U.S. 274, 301 (1971). "Bad faith" involves 'fraud, deceitful action or dishonest conduct.' … Whether these requisite elements have been proved is a matter of federal law." *Id.* at 299 (citation omitted).

Far from constituting harassment and coercion, the Union was correct in warning Mr. Pegues that he was placing his own employment in jeopardy by his violations of the collective bargaining agreement. Indeed, the Union was expressly required to do so under the contract. It was also correct in seeking enforcement of the union security clause when Mr. Pegues' refused to comply. The Union's actions towards Mr. Pegues were not "arbitrary," but grounded in a plain requirement of the contract; not "discriminatory" as Mr. Pegues does not allege that the Union represented him any differently than any other employee in adhering to the plain language of the

contract; and not in "bad faith" as the underlying goal of the Union was the enforcement the plain and known terms of the contract, a lawful aim.  Mr. Pegues' termination was not the result of any unlawful conduct by the Union but rather due to his own steadfast refusal to abide by the terms of the contract.  *See, e.g., Wood v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 807 F.2d 493, 502-03 (6th Cir. 1986) (fair representation plaintiff must show "causal connection" between the union's wrongful conduct and injuries).

Plaintiff does not present a viable duty of fair representation claim as all of Plaintiff's allegations derive from the faulty premise, as demonstrated *supra*, that the contract's union security clause is unlawful.

### III.  MR. PELITERA AS AN INDIVIDUAL UNION REPRESENTATIVE IS AN IMPROPER PARTY TO THIS LITIGATION.

Finally, even if Plaintiff's Complaint was timely, Mr. Pelitera, as an individual IAM representative, is an improper party to this litigation.

It is well-settled that Union agents are not personally liable to third parties for acts performed on the union's behalf in the collective bargaining process. *Atkinson v. Sinclair Ref. Co.*, 370 U.S. 238, 247-49 (1962).  Courts have recognized that "the union as an entity, like a corporation, should in the absence of agreement be the sole source of recovery for injury inflicted by it." *Lewis v. Benedict Coal Corp.*, 361 U.S. 459, 470 (1960).  "This policy cannot be evaded or truncated by the simple device of suing union agents or members, whether in contract or tort, or both, in a separate count or in a separate action for damages ...." *Atkinson*, 370 U.S. at 248-49.

Accordingly, fair representation claims must be pled against the labor organization, and not individual representatives.  *See Wells v. S. Airways, Inc.*, 616 F.2d 107, 110 (5th Cir. 1980) ("The duty of fair representation is incumbent upon the labor organization only."); *Morris v. Local 819, Int'l Bhd. Of Teamsters,* 169 F.3d 782, 784 (2d Cir. 1999) ("the caselaw provide[s] a shield

of immunity for individual union members in suits for breach of the duty of fair representation";
affirming dismissal of claim against individual union representative); *Washington v. Nat'l Postal
Mail Handlers Union Local 311*, No. 4:11-CV-098-A, 2012 WL 646354, (N.D. Tex. Feb. 28,
2012) (dismissing fair representation claim against individual union representatives).

The allegations against Mr. Pelitera solely relate to his conduct administering the contract
as a Union representative, and, therefore, Mr. Pelitera is not a proper party to this lawsuit.

## CONCLUSION

For the foregoing reasons, the Defendant IAM and Mr. Pelitera respectfully request that
this Court dismiss Plaintiff's Complaint in its entirety.

Dated: July 22, 2019                    Respectfully submitted,

                                        /s/ *Martha P. Owen**
                                        Martha P. Owen
                                        Texas Bar No. 15369800
                                        Manuel Quinto-Pozos
                                        Texas Bar No. 24070459
                                        Deats, Durst & Owen, PLLC
                                        707 W. 34th Street, Suite 3
                                        Austin, TX 78705
                                        (512) 474-6200
                                        Fax: (512) 474-7896
                                        mowen@ddollaw.com
                                        mqp@ddollaw.com

                                        Elizabeth A. Roma (admitted *Pro Hac Vice*)
                                        District of Columbia Bar No. 494679
                                        John J. Grunert (admitted *Pro Hac Vice*)
                                        District of Columbia Bar No. 1019791
                                        Guerrieri, Bartos & Roma, PC
                                        1900 M Street, NW, Suite 700
                                        Washington, D.C. 20036
                                        (202) 624-7400
                                        Fax: (202) 624-7420
                                        eroma@geclaw.com
                                        jgrunert@geclaw.com

*Signature on file
with the U.S. District Clerk            *Counsel for IAM and Jerome Pelitera*