IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Jairus Pegues, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-cv-00705-LY |
| International Association of Machinists and Aerospace Workers, and Jerome Pelitera, as Union Steward and Individually | ) ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Defendants International Association of Machinists and Aerospace Workers, AFL-CIO, and Jerome Pelitera (collectively "IAM" or "Union") hereby submit this Opposition to Plaintiff's Motion for Remand. As argued in the IAM's Notice of Removal (Dkt. No. 1), and its unopposed Motion to Dismiss and Supporting Memorandum (Dkt. No. 11), which the IAM incorporates herein by reference for all purposes, Plaintiff's claims are completely preempted by federal labor law and thus removal was appropriate.

**I.   PROCEDURAL BACKGROUND.**

On July 15, 2017, Defendants removed to this Court the Plaintiff's action originally filed in the 53rd Judicial District Court of Travis County, Texas. Removal was proper based upon federal subject matter jurisdiction because the action underlying Plaintiff's claims is wholly governed by federal labor law. The IAM subsequently filed a 12(b)(6) Motion to Dismiss Plaintiff's claims against both Defendant IAM and Defendant Pelitera, which was unopposed by

Plaintiff.[1] Plaintiff has now filed his Motion for Remand.[2] The IAM respectfully requests that Plaintiff's Motion be denied.

## II. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY FEDERAL LABOR LAW AND REMOVAL WAS APPROPRIATE.

Plaintiff's motion should be denied. As stated in the IAM's Notice of Removal and Motion to Dismiss (which Plaintiff has not opposed), which need not be repeated here in full, Plaintiff challenges here the IAM's administration and enforcement of a union security clause contained in its collective bargaining agreement with Plaintiff's employer, United Airlines. *See* Original Petition; *see also* Dkt. No. 1-1, Declaration of Mike Klemm, ¶¶ 2-3 and Exhs. A (union security clause), B (letter from United to Plaintiff regarding termination). These claims, however, are preempted by the Railway Labor Act ("RLA") 45 U.S.C. § 151, *et seq*.

Plaintiff asserts that under "federal and state law," the union security clause of the collective bargaining agreement is unenforceable, citing to Texas law and the Supreme Court's decision in *Janus v. American Federation of State, County and Municipal Employees*, 138 S. Ct. 2448 (2018), which found union security provisions unenforceable in *public-sector* collective bargaining agreements based on the First Amendment. Original Petition, ¶¶ 19-21. However, the RLA, which governs here, permits union security clauses and expressly preempts any state laws

---

[1] Page 5 of Plaintiff's Motion for Remand references several procedural facts and defendants, which appear to be from another matter and do not apply here. For example, Plaintiff references action taken by "Defendant United" and "Defendant Contreras," neither of whom are defendants in this action. Dkt. No. 14 at 5. Additionally, contrary to Plaintiff's assertions, IAM did not claim Defendant Pelitera was joined to "defeat diversity" and is not a citizen of Texas. *Id.*

[2] Plaintiff's Motion for Remand erroneously asserts that "there are no disputed questions of fact or law." Dkt. No 14 at 5. However, IAM has not conceded or stipulated to any question of fact or law alleged in Plaintiff's Complaint. Instead, the IAM has merely accepted as true the facts pled in Plaintiff's Complaint for the limited purposes of its Motion to Dismiss. Dkt. No. 11 at 2, n.1.

to the contrary. *See* 45 U.S.C. § 152, Eleventh; *see also* IAM's Motion to Dismiss, Dkt. No. 11, at 6-9. Whether *Janus*, as Plaintiff argues, negates a provision of federal law (the RLA) as unconstitutional is a threshold element in this case and involves matters of purely federal law. *See Bobo v. Christus Health*, 359 F.Supp.2d 552, 555 (E.D. Tex. 2005) (Complaint asserting state law claim "creates federal question jurisdiction" when "a federal right is an essential element of the state claim," "interpretation of the federal right is necessary to resolve the case," and "the question of federal law is substantial."); *Williams v. Pepsi-Cola Metro. Bottling Co., Inc.*, Case No. A-10-CA-566-LY, 2010 WL 11602005, *1 (W.D. Tex. Sep. 20, 2010) (same).

Although Mr. Pegues' Original Petition describes his claims in state-law terms of "denial of employment," the use of "insulting, threatening, or obscene language," and "interference" with the "right to work," it is clear as a matter of federal law that these claims disputing the IAM's representational duties as the exclusive bargaining agent in enforcing the collective bargaining agreement are governed by the federal duty of fair representation. *See* IAM's Motion to Dismiss, Dkt. No. 11, at 10-15. The Supreme Court has long held that the duty of fair representation is "a duty grounded in federal statutes," and that "federal law therefore governs [a] cause of action" for breach of that duty. *Vaca v. Sipes,* 386 U.S. 171, 177 (1967); *see also Richardson v. United Steel Workers of Am.*, 864 F.2d 1162, 1166-67 (5th Cir. 1989) (because Plaintiff alleged that the union breached a duty that arose from its status as the collective bargaining agent, the duty is defined by federal law); *see also* Defendant's Motion to Dismiss, Dkt No. 11, at 10-12.

Equally well-established is that a plaintiff may not evade federal jurisdiction by phrasing his claims in state law terms. *See Bobo*, 359 F.Supp.2d at 555, 557 ("Although the plaintiff is 'the master of the complaint,' she cannot avoid removal by 'artful pleading' that disguises issues federal in nature as state law claims") (internal citations omitted); *In re Carter,* 618 F.2d 1093,

1101 (5th Cir. 1980) ("the accepted rule in this circuit is that upon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if plaintiff has couched [the] pleading exclusively in terms of state law."); *see also Simmons v. Local 565, Air Transp. Div., Trans. Workers Union of Am.*, No. 3:09-cv-1181-B, 2010 WL 2473840 (N.D. Tex., June 16, 2010) (state law claims involving union's duties arising as exclusive collective bargaining agent under the RLA properly removed and construed as duty of fair representation claims).

The IAM's basis for removal of this action, complete preemption of state law claims by federal labor law, is not even addressed in Plaintiff's Motion to Remand. Instead, Plaintiff seems to mistakenly construe the IAM's removal as based upon an alleged diversity of citizenship of Defendant Pelitera. *See* Dkt. No. 14 at 5 ("Defendant IAMAW removed this case to this court on July 15, 2019 alleging that Defendant Pelitera was joined to defeat diversity"). However, the IAM's Notice of Removal makes no such claims, its removal is not based upon diversity, and as such Plaintiff's reliance on *Gasch v. Hartford*, 491 F.3d 278 (5th Cir. 2007), which involved improper joinder and diverse defendants, is irrelevant. Dkt. No. 14 (Section V).

### III. PLAINTIFF IS NOT ENTITLED TO FEES AND COSTS.

Although Plaintiff's Motion for Remand makes only a passing reference to a request for fees and costs (Dkt. 14 at 1), the Motion does not appear to in fact request fees and costs and the matter is not addressed in Plaintiff's brief. However, to the extent Plaintiff's Motion can be read to make such a request, he is not entitled to such fees and costs. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." *Id.*; *see*

*also Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) ("the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper"; attorney's fees denied even where case remanded). Any fees and costs are improper here because, as set forth above and in the IAM's Notice of Removal and Motion to Dismiss, the IAM had an objectively reasonable basis for removing this action. *See also Kollar v. United Transp. Union*, 83 F.3d 124, 125-26 (5th Cir. 1996) (state law claims regarding union's representation of obligations under contract preempted; district court did not err in failing to remand to state court).

## IV. CONCLUSION.

For these reasons, and as argued in the IAM's Notice of Removal and unopposed Motion to Dismiss, the IAM respectfully requests that the Court deny Plaintiff's Motion for Remand and dismiss Plaintiff's claims in their entirety.

Dated: August 21, 2019

Respectfully submitted,

/s/ *Elizabeth A. Roma*\*
Elizabeth A. Roma (*Pro Hac Vice*)
District of Columbia Bar No. 494679
John J. Grunert (*Pro Hac Vice*)
District of Columbia Bar No. 1019791
Guerrieri, Bartos & Roma, PC
1900 M Street, NW, Suite 700
Washington, D.C. 20036
(202) 624-7400
Fax: (202) 624-7420
eroma@geclaw.com
jgrunert@geclaw.com

/s/ *Martha P. Owen\* (with permission)*
Martha P. Owen
Texas Bar No. 15369800
Manuel Quinto-Pozos
Texas Bar No. 24070459
Deats, Durst & Owen, PLLC

707 W. 34th Street, Suite 3
                                                Austin, TX  78705
                                                (512) 474-6200
                                                Fax:  (512) 474-7896
                                                mowen@ddollaw.com
                                                mqp@ddollaw.com

*Signature on file with
the U.S. District Clerk                         *Counsel for Defendants IAM and Jerome Pelitera*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of August 2019, a copy of the foregoing was filed with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

        Brad McClellan
        2211 South IH-35, Suite 300
        Austin, Texas 78741
        Brad.mcclellan@yahoo.com

        *Counsel for Plaintiff*

                                  /s/ *Elizabeth A. Roma*
                                  Elizabeth A. Roma